# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 153 | **DATE** | 3/5/2012 |
| **CASE TITLE** | Baba-Dainja: El vs. AmeriCredit Corporation GM Financial et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* is denied for the reasons stated below. Additionally, plaintiff's complaint is stricken as frivolous. Plaintiff has 60 days in which to refile a non-frivolous complaint or the case will be dismissed with prejudice.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. Part of the determination in an *in forma pauperis* ruling is first determining whether the complaint has any possible merit or is frivolous on its face. *Wartman v. Branch 7, Civil Div., Cnty. Ct., Milwaukee Cnty., State of Wis.*, 510 F.2d 130, 134 (7th Cir. 1975).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007)

"While the Court should not dismiss a *pro se* complaint simply because it finds the factual allegations made therein unlikely, when those alleged facts 'rise to the level of the wholly irrational or the wholly incredible,' the Court may deem the complaint containing those facts frivolous and order that it be dismissed." *Brodzki v. Walworth Cnty.*, 11-C-1045, 2012 U.S. Dist. LEXIS 11101 *2-3 (E.D. Wis. January 31, 2012) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Irrationality may be manifested by a complaint that "taken as a whole … makes absolutely no sense." *Brodzki*, 2012 U.S. Dist. LEXIS at *3.

Here, plaintiff has filed a 165-paragraph, 31-page complaint supplemented by two inches of exhibits. He demands $34 million in compensatory damages and $2.2 billion in punitive damages, but appears willing to settle for just $10 million in cold hard cash. He invokes diversity jurisdiction, and certainly, the amount in controversy requirement is satisfied.

As best as the Court can tell, Plaintiff apparently bought a truck in Illinois on credit at the astoundingly high

**STATEMENT**

rate of 23.9 percent interest, and alleges (if the Court is deciphering correctly) that, after making one or more payments in the usual fashion, Plaintiff made an offer for accord and satisfaction that authorized Defendants to take the remaining balance from the United States Treasury, where Plaintiff apparently believes he has a line of credit or money on deposit in connection with his "exemption from levy # [a 9-digit number that may or may not be Plaintiff's Social Security Number]." The Court is uncertain if this line of credit or money on account is related to his alleged status as the "Ministerial Ambassador Baba-Dainja: El … of the Aboriginal/Indigenous Choctaw/Cherokee/Muur/Moor- Wasat Region Tribe of the Aboriginal Republic of North America Government." What is apparent is that Defendants did not acknowledge that full payment had been made by this unusual method, and Plaintiff claims injury as a result of this.

That Plaintiff has a line of credit with the U.S. Treasury strikes the court as highly improbable and fanciful. In any case, the complaint is so rambling and incomprehensible, that the Court is unable to decipher what, specifically, Plaintiff is charging, how many counts of action there are, and what law each count of action is based on. While this Court is not overly fixated on formalities, it must be able to at least decipher what is being alleged.

Therefore, because the complaint on file does not rise above the level of frivolity, the motion for *in forma pauperis* status is denied, and the complaint is stricken with leave to reinstate. The only reason the court does not dismiss with prejudice is that Plaintiff's presentation of an actual bill of sale reflecting an inordinately high interest rate may or may not present an issue under the usury laws of Illinois.

The Court suggests the Plaintiff seek assistance of counsel through the various local bar association referral services, the Legal Assistance Foundation of Metropolitan Chicago or any law school clinics that might hear him out. Barring success there, he may seek assistance from the court's *pro se* help desk. Appointments may be made by calling 312-435-5691 or by visiting the courthouse clerk's office on the 20th floor.

Plaintiff has 60 days to refile, with or without assistance of counsel, a new complaint *succinctly* stating any possible causes of action and the statutes upon which they are based. Plaintiff is advised that any reference to international law or United Nations resolutions will be disregarded unless Plaintiff can point to specific statutes or cases, chapter and verse, that recognize such citations as binding law in the United States.

If a new complaint is not filed in that time period, or if another complaint that is similarly incomprehensible is filed in that time period, Plaintiff's complaint will be dismissed with prejudice.