IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BABA-DAINJA:EL,<br><br>        Plaintiff,<br><br>      v.<br><br>AMERICREDIT CORPORATION GM FINANCIAL, CHRIS CHOATE (D.B.A.) CHRIS CHOATE-CFO, DANIEL E. BERCE (D.B.A.) DANIEL BERCE-CEO,<br><br>        Defendants.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., a Delaware Corporation, d/b/a GM FINANCIAL,<br><br>        Counterplaintiff,<br><br>      v.<br><br>BABA DAINJA EL,<br><br>        Counterdefendant. | Case No 12 C 153<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

This case originated with a 165-paragraph, 31-page Complaint, supplemented by two inches of exhibits. The Complaint sought compensatory damages in the amount of $34 million dollars and punitive damages of $2.2 billion dollars. The Plaintiff claimed jurisdiction on diversity grounds, alleging that he is a "Ministerial Ambassador . . . of the Aboriginal/Indigenous Choctaw/Cherokee/Murr/Moor-Wasat Region Tribe of the Aboriginal Republic of North American Government." The Plaintiff sought leave

to proceed *in forma pauperis*. On March 5, 2012, the Court denied leave based on the Court's view that the Complaint did not rise above the level of frivolity. The Court did not dismiss the Complaint with prejudice but suggested that the Plaintiff seek legal assistance before refiling. With that in mind the Court gave Plaintiff sixty (60) days to refile his Complaint.

On May 4, 2012 the Plaintiff filed a "Verified Amended Complaint for damage of injury," consisting this time of 118 paragraphs, spread over 18 pages, seeking $24,256,998.32 in compensatory damages, and $7,000,000.00 in punitive damages. Jurisdiction is now alleged to exist based on "Admiralty or Maritime Jurisdiction" and diversity of citizenship based on Plaintiff's "documented indigenous Murr by Race and Nationality." The Amended Complaint now consists of ten alleged causes of action, "Unconscionable and voided contract" (Count One); "Fraud and Misrepresentation" (Count Two); "Assumption and Duty Negligence" (Count Three); "Conspiracy" (Count Four); "Conversion" (Count Five); "Unjust Enrichment" (Count Six); "Intentional Infliction of Emotional Distress" (Count Seven); "Rescission" (Count Eight); "Spoliation of Evidence and Accounting" (Count Nine); and "Breach of Contract (Count Ten). Defendants have moved to dismiss and have filed a Counterclaim. Plaintiff in turn has moved to dismiss the Counterclaim.

According to what the Court can make out of the Amended Complaint and augmented by the allegations in the Counterclaim, it appears that on March 18, 2011, Plaintiff purchased a 2007 Ford motor vehicle from Al Piemonte Ford Sales, Inc. in Melrose Park, Illinois. A retail installment contract was entered into, under which Plaintiff financed the principal amount of $27,999.72, payable in 72 monthly payments of $743.54. Subsequent to its execution, the contract was sold and assigned to the Defendant, AmeriCredit. Plaintiff made the first of the required payments, but made no more. Accordingly AmeriCredit, on August 23, 2011, repossessed the vehicle and sent Plaintiff a notice and a standard Affidavit of Defense form. Plaintiff neither redeemed the vehicle nor returned a completed Affidavit of Defense. As such, AmeriCredit sold the vehicle at auction on September 28, 2011 and applied the net proceeds from the sale to Plaintiff's account. A final accounting showed that there was a deficiency of $11,322.28, which forms the basis for the Counterclaim.

In response to the Motion and Counterclaim, Plaintiff has filed a "Memorandum of Law in Response to Motion to Dismiss Verified Amended Complaint for Damages of Injury, With Prejudice by Affidavit," a "Verified Petition in the Nature of Omnibus Motion," and "Verified Petition in the Nature of Motion to Dismiss with Prejudice." All of these responses are filed by "*appearance de bene esse*" which Plaintiff translates as "appearance in Writing"

but actually means "of well being" and is used to allow a person to appear without submitting to the Court's jurisdiction. This is an unusual tactic considering the Plaintiff filed the subject law suit, which of course is an action that submits the filer to the jurisdiction of the Court.

The Amended Complaint, like the original Complaint, makes no sense. Piecing together the Amended Complaint and Plaintiff's response to the Motion to Dismiss, it seems that Plaintiff is claiming, as surety of the United States, that he had the right to tender in full payment of the balance due AmeriCredit an "instrument . . . negotiated to the United States Treasury for settlement" which is described as a "certificate of indebtedness of the United States," which he apparently claims to be legal tender because when President Franklin Roosevelt took the United States off the Gold Standard, he replaced it with a currency made up of negotiable instruments backed by the labor and assets of the people such as Plaintiff which constitutes a surety relationship. Consequently Plaintiff was entitled to use his labor and assets due from the United States Treasury as a surety to satisfy the debt owed to AmeriCredit. Since AmeriCredit refused to erase the debt and repossessed the vehicle, AmeriCredit is guilty of all of the causes of action set forth in the Amended Complaint. Of course this makes no sense. No more than submitting to the jurisdiction of the Court by filing a lawsuit in contract and in tort and then

seeking to avoid jurisdiction on the Counterclaim by an appearance *de bene esse*. According, the Motion to Dismiss is granted. Since this is Plaintiff's second bite of the apple it is dismissed with prejudice. Since there appears to be no legal basis for dismissing the counter claim, Plaintiff's Motion to Dismiss with prejudice is denied.

Plaintiff has also filed as noted above a Motion styled "Omnibus Motion." By this Motion the Plaintiff seeks to "order" the Court to make Findings of Fact and Conclusions of Law. This Motion makes no more sense than the Amended Complaint and is therefore denied.

Finally, the Plaintiff has filed a document styled "writ of error by affirmed affidavit for petition to return intellectual property. This appears to be an attempt to get the Court to reconsider the Court's response to Plaintiff's attempt to have the Court return the courtesy copy of the original Complaint filed with the Court which the Court said that it would do at the conclusion of the case. So the Motion to Reconsider is denied.

For the reasons stated herein, the Court rules as follows:
1.  Plaintiff's Amended Complaint is dismissed with prejudice.
2.  Plaintiff's Motion to Dismiss with prejudice the Counterclaim is denied.

3. Plaintiff's Motion styled "Omnibus Motion" is denied.

4. Plaintiff's Motion to Reconsider the Court's order denying immediate return of the original Complaint is denied at this time.

**IT IS SO ORDERED.**

						_____
						Harry D. Leinenweber, Judge
						United States District Court

**DATE:** 7/11/2012