# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 00153 | **DATE** | 6/3/2013 |
| **CASE TITLE** | El vs. AmeriCredit Financial Services, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Pursuant to the Seventh Circuit's Opinion vacating and remanding this matter (ECF No. 63), the Court (1) dismisses Plaintiff's Amended Complaint, with prejudice, as a sanction for frivolous filings; (2) vacates the default judgment in favor of AmeriCredit on its counterclaim (ECF No. 49); and (3) dismisses AmeriCredit's counterclaim without prejudice for lack of jurisdiction.

■[ For further details see text below.]

Docketing to mail notices.

**STATEMENT**

Plaintiff Baba-Dainja El ("Plaintiff") filed suit on January 9, 2012, seeking $34 million in compensatory damages and $2.2 billion in punitive damages as a result of having a pickup truck he purchased for $28,000 repossessed and sold by Defendants. The Court dismissed his original Complaint without prejudice for being frivolous, and suggested Plaintiff seek legal assistance before filing an Amended Complaint. Plaintiff filed an Amended Complaint with immaterial changes, this time seeking $2.4 million in compensatory damages and $7 billion in punitive damages. Plaintiff claimed federal jurisdiction based on the admiralty and diversity jurisdictions of the federal courts.

This Court dismissed the Amended Complaint with prejudice on July 11, 2012, and entered a default judgment for Defendant AmeriCredit Financial Services, Inc. ("AmeriCredit") on its counterclaim on September 6, 2012. Plaintiff appealed, and the Seventh Circuit ruled that this Court found diversity jurisdiction erroneously. Indeed, the Seventh Circuit found that neither of Plaintiff's jurisdictional bases, admiralty or diversity, were present. As such, this Court did not have jurisdiction over Plaintiff's claims, nor did it have supplemental jurisdiction over AmeriCredit's counterclaim. The Seventh Circuit thus vacated and remanded the decision to this Court with instructions to:

> (1) either dismiss the plaintiff's suit without prejudice or dismiss with prejudice, as a sanction (not requested by the defendant, but within the court's inherent authority); (2) vacate the default judgment in favor of AmeriCredit on its counterclaim; and (3) dismiss the counterclaim but without prejudice.

*El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 754 (7th Cir. 2013). In light of how frivolous both Plaintiff's complaints are, and out of concern he will refile a third frivolous complaint just to harass Defendant (or the judicial system), the Court chooses to dismiss the complaint with prejudice as a sanction.

**STATEMENT**

"A federal court has the inherent power to sanction for conduct which abuses the judicial process. This power is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. United States,* 11 F.3d 1360, 1367 (7th Cir. 1993)(quotations omitted). A court may impose the severe sanction of dismissal with prejudice if the circumstances so warrant. *Id.* However, the sanction of dismissal with prejudice is considered "draconian and must be infrequently resorted to by district courts." *Id.* Only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts. *Id.* "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Otherwise, a district court must consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice. *Barnhill*, 11 F.3d at 1367.

While this Court recognizes the rarity of using its inherent authority to dismiss an action with prejudice as a sanction due to the severity of such measures, this case appears to be an instance where it is warranted. Plaintiff's original Complaint was clearly frivolous. The Court gave him an opportunity to seek assistance and amend his Complaint once already, and the Amended Complaint is just as nonsensical and frivolous as its predecessor, if not more so. Indeed, the Seventh Circuit agreed that the Amended Complaint is frivolous, and stated that if Plaintiff sought to refile this lawsuit, "the only motive for such a refiling could be harassment." *El,* 710 F.3d at 750, 754. Defendant has been prejudiced by defending this suit, and would be prejudiced by having to defend against if it were refiled. In addition, it would not be in the interests of justice, or a proper use judicial resources, to allow Plaintiff to refile this action simply to continue harassing Defendant.

The Court notes that no lesser sanction would serve the interests of justice in this matter, either. The act the Court seeks to punish is the repeated pursuit of Plaintiff's frivolous claims. No lesser sanctions will address that act. As stated by the Seventh Circuit, the fact that this Court does not have jurisdiction over Plaintiff's claims does not foreclose such dismissal. *Id* (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1091 (D.C. Cir. 1998)("[I]n rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, and its decision to do so is reviewed for an abuse of discretion.")).

Thus, pursuant to the Seventh Circuit's instructions, this Court:

1.) Dismisses Plaintiff's Complaint, with prejudice, as a sanction for repeated frivolous filings;

2.) Vacates the default judgment in favor of AmeriCredit on its counterclaim, ECF No. 49; and

3.) Dismisses AmeriCredit's counterclaim without prejudice.